UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL MUYSENBERG,**
an individual,

        Plaintiff,

*-vs-*

**A MOVABLE FEAST,**
a domestic corporation,

        Defendant.

_____/

Case No.:
Hon:
Magistrate:

BURGESS, SHARP & GOLDEN, PLLC
Attorneys for Plaintiff
BY:   Peter N. Camps (P68561)
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
peter@bsglawfirm.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Michael Muysenberg ("PLAINTIFF"), through his attorneys at Burgess, Sharp, & Golden, PLLC, states the following for his claims against A Movable Feast ("DEFENDANT"):

1. Plaintiff is a resident of the County of Macomb, State of Michigan.

2. Defendant is corporation that does business throughout the State of Michigan.

3. The events giving rise to this cause of action occurred in Macomb County Michigan and the surrounding areas.

4. At all relevant times, Plaintiff was employed by Defendant.

5. This court has jurisdiction under the Americans with Disabilities Act, 42 USC 12101 et seq.

6. Plaintiff also brings claims under Michigan's Persons with Disabilities Civil Rights Act (MCL 37.1201), over which this Court has pendent jurisdiction under 28 USC 1367.

7. The amount in controversy exceeds $25,000, exclusive of interests, costs, and attorney fees.

## FACTUAL ALLEGATIONS

8. Plaintiff began employment with Defendant in 2013 as a cook.

9. As a Cook, Plaintiff was responsible for taking direction from management and ownership, preparing food, and assisting the preparation of catered food with other employees.

10. Plaintiff is unable to effectively process certain speech.  His ability to process speech is further compromised where background noise is high. This information was provided to Defendant by Plaintiff on numerous occasions.

11. Plaintiff repeatedly requested the accommodation of management and ownership reducing background noise, in particular loud music, when speaking to him and when providing instruction.

12. Plaintiff also repeatedly requested management and ownership to speak to him directly when providing instruction so that Plaintiff could understand and process the instruction.

13. That Defendant refused Plaintiff's request for reasonable accommodation, and refused to engage in the interactive process in determining the Plaintiff's request.

14. Further, when Plaintiff made accommodation requests, the Defendant purposefully did the opposite of that Plaintiff requested, increasing the volume of background music and refusing to address Plaintiff directly.

15. The Defendants refusal to consider Plaintiff's reasonable accommodation requests and their subsequent actions toward Plaintiff made it impossible for Plaintiff to perform the duties of his job and Plaintiff was forced to separate his employment from the Defendant.

16. In February 2018, Plaintiff completed an intake questionnaire which he provided to the EEOC.

17. In July 2018, Plaintiff filed his Charge of Discrimination with the EEOC alleging disability discrimination.

18. Plaintiff received right-to-sue letters from the EEOC with regard to his charge on September 29, 2018.

## COUNT I
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT AS AMENDED.

19. Plaintiff incorporates the preceding paragraphs by reference.

20. Plaintiff is a person within the meaning of section 101(7) of the Americans with Disabilities Act as Amended ("ADAAA"), 42 USC 12111(7).

21. At all relevant times, Plaintiff was employed by Defendant.

22. Defendant was Plaintiff's employer as defined under the ADAAA. 42 USC 12111(5)(a).

23. At all relevant times, Plaintiff was an individual with a disability within the meaning of Section 3(2) of the ADAAA. 42 USC 12102(2).

24. Plaintiff has a physical or mental impairment that substantially limits one or more of his major bodily functions, has a record of the impairment, and is regarded by Defendant as having the impairment.

25. Plaintiff is a qualified individual with a disability as that term is defined in ADAAA, 42 USC 12111(8).

26. Plaintiff was treated differently than others employed by Defendant who did not have a disability.

27. Plaintiff is an individual who, with a reasonable accommodation, can perform the essential functions of his job for Defendant.

28. Defendant refused to accommodate Plaintiff's disability.

29. Defendant failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for him.

30. Defendant conducted itself with malice or reckless indifference to the federally protected rights of Plaintiff.

31. As a direct and proximate result of Defendants' discrimination against Plaintiff on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

## COUNT II
## VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA").

32. Plaintiff incorporates the preceding paragraphs by reference.

33. At all relevant times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of PWDCRA, MCL 37.1201.

34. Plaintiff's hearing impairment qualifies him as a protected individual under the PWDCRA.

35. Plaintiff's disability was unrelated to his ability to perform the duties of his job.

36. Defendant violated the PWDCRA, as described above, by discriminating against Plaintiff.

37. Plaintiff's disability, history of disability, or being regarded as having a disability was one of the motives that made a difference in Defendant's decision to terminate his employment.

38. Defendant's actions were intentional.

39. As a direct and proximate result of Defendant's unlawful actions against Plaintiff, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings, loss of career opportunities, mental and emotional distress, and loss of the ordinary pleasures of everyday life.

## COUNT III
## RETALIATION IN VIOLATION OF PWDCRA.

40. Plaintiff incorporates the preceding paragraphs by reference.

41. Plaintiff was repeatedly humiliated, disciplined, and isolated by Defendants after making requests to Defendants to accommodate his disability.

42. Defendant's proffered reasons for making Plaintiff's working environment intolerable were mere pretext to hide the discriminatory and retaliatory motives of the Defendant.

43. Defendant's conduct constitutes a violation of the PWDCRA.

44. Defendant's retaliation against Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Plaintiff prays for relief as follows:

A. An award of damages, which includes, but is not limited to, back pay, front pay, lost wages, lost employee benefits, attorney fees and costs, and compensatory damages, and an appropriate award of interest;

B. Liquidated damages where appropriate;

C. All damages and other relief afforded by law;

D. An award of punitive damages where appropriate in an amount to be proven at trial;

E. Attorneys' fees and costs as provided by law; and

F. Such other relief as the Court may deem just and equitable.

Dated: December 26, 2018            Respectfully Submitted,

                                    BURGESS SHARP & GOLDEN, PLLC
                                    Attorneys for Plaintiff

                                    /s/ Peter N. Camps
                                    Peter N. Camps (P68561)
                                    43260 Garfield, Suite 280
                                    Clinton Township, MI 48038
                                    586-226-2627
                                    peter@bsglawfirm.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, through his attorneys at BURGESS, SHARP, & GOLDEN, PLLC, hereby makes a demand for a jury trial in this matter.


Dated: December 26, 2018

Respectfully Submitted,

BURGESS SHARP & GOLDEN, PLLC
Attorneys for Plaintiff

/s/ Peter N. Camps
Peter N. Camps, P69561
43260 Garfield, Suite 280
Clinton Township, MI  48038
586-226-2627
peter@bsglawfirm.com